**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**


LATRELL T. WHITE; and
REGINALD HUGGINS                                                        PLAINTIFFS


V.                                  5:08CV00217 SWW/JTR


E. ADAMS, Unit Supervisor,
W.C. Dub Brassell Detention Center, et al.                              DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at  the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiffs, Latrell T. White and Reginald Huggins, who are currently detained at the

W. C. Dub Brassell Detention Center ("BDC"), have filed a single *pro se[1]* § 1983 Complaint and

separate Applications to Proceed *In Forma Pauperis*.  *See* docket entries #1, #2, and #3.  Pursuant

---

[1] Plaintiffs are hereby notified of their responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."
Plaintiffs are further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that this case be

dismissed, with prejudice, as duplicative of another action pending in this District.[2]

## II.  Discussion

On August 5, 2008, Plaintiffs filed a Complaint against the BDC and three individual

Defendants employed at that facility.[3]  *See Huggins and White v. W. C. Dub Brassell Detention*

*Center, et al.;* 5:08CV00216 JMM/HDY ("*Huggins*") at docket entry #3.   In the Complaint,

Plaintiffs allege that they were subjected to unsanitary conditions of confinement at the BDC. *Id.*

On the same day, Plaintiffs filed a second Complaint that raises the identical allegations set

forth in *Huggins*, against the same four Defendants.[4]  *See White and Huggins v.  Adams, et al.;*

5:08CV00217 SWW/JTR (*"White"*).  Importantly, the only difference between the *Huggins* and

*White* Complaints is the order in which the Plaintiffs and Defendants are listed.  Accordingly, the

---

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).
      The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do."  *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[3] Plaintiff's also filed separate Applications to Proceed *In Forma Pauperis*. *See Huggins*; 5:08CV00216 JMM/HDY, at docket entries #1 and #2.

[4] Once again, the Plaintiffs filed separate Applications to Proceed *In Forma Pauperis.  See White*, 5:08CV000217 SWW/JTR, at docket entries #1 and #2.

*White* Complaint, which was docketed second, should be dismissed, with prejudice, because it asserts the identical claims set forth in the *Huggins* case.[5]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case be DISMISSED, WITH PREJUDICE, as being duplicative of the claims in *Huggins v. W. C. Dub Brassell Detention Center*, 5:08CV00216 JMM/HDY.

2.      The Applications to Proceed *In Forma Pauperis* (docket entries #1 and #2) be DENIED, AS MOOT.

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 21st day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5]  The Court does *not* recommend that the dismissal of this action be counted as a strike, pursuant to 28 U.S.C. § 1915(g), because it appears that the simultaneous commencement of the two identical cases was a docketing error, rather than an attempt by Plaintiffs' to file a redundant cases.